## ST. PAUL GUARDIAN INSURANCE CO., as subrogee of Shared Imaging, Inc., & Travelers Property Casualty Co., as subrogee of Shared Imaging, Inc., Plaintiffs–Appellants–Cross–Appellees,

v.

## NEUROMED MEDICAL SYSTEMS & SUPPORT, GMBH, Defendant–Appellee–Cross–Appellant,

Siemens Medizinische Technik, a division of Siemens AG, Siemens Medical Systems, Inc., Peterson N.V., Atlantic Container Line AB, Maher Terminals, Inc., Mutual International Forwarding, Inc., National Mobile Medical Concepts, Inc., AON Nederland & United States Customs Service, Defendants.

### Nos. 02–6095, 02–6103.

United States Court of Appeals, Second Circuit.

Dec. 20, 2002.

Kenneth R. Feit, Tell, Cheser & Breitbart, L.L.P., New York, NY, for Appellant.

Mark S. Furman, Tarlow, Breed, Hart, Murphy & Rodgers P.C., Boston, MA, and Salisbury & Ryan, L.L.P., New York, NY, (Robert J. Kerwin, of counsel), for Appellee.

Present NEWMAN, SACK and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be, and it hereby is, affirmed.

The plaintiffs appeal from an April 2, 2002, judgment granting the defendant's Rule 12(b)(6) motion to dismiss their complaint claiming breach of contract and negligence. Fed.R.Civ.P. 12(b)(6). The subject of the dispute is a mobile magnetic resonance imaging ("MRI") system, which was damaged due to cold weather after the defendant delivered it to the port of shipment in Antwerp. Applying German law under the contract's choice-of-law provision, the district court concluded that the contract's risk-of-loss provision precluded recovery by the plaintiffs. *St. Paul Guardian Ins. Co. v. Neuromed Med. Sys. & Support, GmbH,* No. 00 Civ. 9344, 2002 WL 465312, at *3–*6, 2002 U.S. Dist. LEXIS 5096, at *6–*17 (S.D.N.Y. Mar. 26, 2002). The court also concluded that the contract's "CIF" term relieved the defendant of responsibility for damage that occurred after the MRI system passed the ship's rail at the port of shipment, *see id.* at *1, 2002 U.S. Dist. LEXIS 5096, at *3, at which point the MRI was fully functional, according to the complaint, *see* Compl. ¶ 32. For substantially the reasons set forth in the district court's opinion, we affirm the dismissal of the complaint.

**174**

The defendant cross-appeals from the district court's denial of its alternative ground for dismissal under Rule 12(b)(6): that the contract at issue required this dispute to be brought in the court of justice in Castrop–Rauxel, Germany. *See St. Paul Guardian Ins. Co. v. Neuromed Med. Sys. & Support, GmbH,* No. 00 Civ. 9344, 2001 WL 1875768 (S.D.N.Y. Dec. 5, 2001). The defendant agreed at oral argument, however, that we need reach its cross-appeal only if we reverse the district court's dismissal of the complaint on the basis of the risk-of-loss provision. Since we agree with the district court on that issue, we need not and do not reach the arguments raised by the defendant in the cross-appeal.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.